Gail E. Cohen (093210), gcohen@bargerwolen.com
Misty A. Murray, mmurray@bargerwolen.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Primerica Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEDONNA MERRITT-MAY,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMERICA LIFE INSURANCE COMPANY, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO: CV09-02069 ODW (JCx)<br><br>MODIFIED **STIPULATED PROTECTIVE ORDER** [CHANGES MADE BY COURT]<br>[Proposed Order Lodged Separately]<br><br>Complaint Filed: February 10, 2009 |

c:\documents and settings\phb\local settings\temporary internet files\olk82b\spo (2).doc

Plaintiff Shedonna Merritt-May ("Plaintiff") and Defendant Primerica Life Insurance Company ("Primerica"), by and through their respective counsel, hereby stipulate to the following Protective Order regarding documents to be produced in the above-captioned matter:

1. <u>Designated Material</u>. The Parties hereto designate certain documents to be produced to each other, and all information or material derived from such documents, as "Designated Material" under this Protective Order. Designated Material shall be "CONFIDENTIAL," and the party that designates the documents as "CONFIDENTIAL" shall be deemed the "Designating Party" with respect to those designated documents. Such designation is to be made for the purposes of protecting sensitive, confidential, trade secret, private and/or proprietary business and financial information relating to the Parties and/or others. Designated Material may also include sensitive, confidential, private and personal information that relates to or concerns the Parties and/or others, including but not limited to medical records. Designated Material is information that has not been made public and has been and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. In exercising the right to designate a document as CONFIDENTIAL, the parties agree to proceed in good faith. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection.

2. <u>Access</u>. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

A. Designated Material may be disclosed only to "qualified persons," defined as (1) the Parties to this action who have appeared and who have signed this Stipulated Protective Order, and the attorneys representing the Parties to this action

1  (including their employees), and the officers, directors, members, employees and
2  attorneys representing the corporate parties to this action who need to review the
3  material to assist with that party's defense or prosecution of its case, and to
4  prospective witnesses who have agreed in writing to be bound by this Protective
5  Order in the form of an executed Declaration of Compliance, attached hereto as
6  Exhibit "A," (2) non-party consultants and experts who have agreed in writing to be
7  bound by this Protective Order in the form of an executed Declaration of Compliance,
8  attached hereto as Exhibit "A," ~~and~~ (3) the Court and its staff, the jury, those present
9  in the courtroom during the trial of this matter, including all pre-trial and motion
10 hearings, and during presentation/argument of this evidence unless the Court orders
11 otherwise, and (4) any other person as to whom the parties in writing agree.
12
13         B. <u>Copies</u>. Copies and extracts may be made by or for the foregoing
14 qualified persons, provided that all copies and extracts are appropriately marked as
15 set forth below in paragraph 2(F). All copies and extracts of Designated Material are
16 subject to paragraph 2(G) of this Protective Order. This paragraph (#2B) does
17 not bind the qualified persons described in paragraph 2A(3).
18         C. <u>Custody of Designated Material</u>. A qualified person with custody of Designated
19 Material other than those identified in paragraph 2A(3) shall maintain it in a manner that limits access only to those qualified
20 persons identified above in paragraph 2(A).
21
22         D. <u>Authors and Addressees</u>. The designation of any document as
23 "CONFIDENTIAL" shall not preclude any party from showing the document to any
24 person who appears as an author, addressee or recipient on the face of the document.
25 Disclosure of a document designated as "CONFIDENTIAL" to an author, addressee
26 or recipient of the document shall not change the confidential status of Designated
27 Material and shall not be deemed a waiver of privileges asserted on the ground that
28 Designated Material is confidential, proprietary and/or trade secret.

E. <u>Declaration of Compliance and Objections</u>. Prior to disclosing documents as discussed in paragraphs 2(A) through 2(D), counsel disclosing the information will ensure that the qualified person to whom the documents are to be disclosed [other than those identified in paragraph 2A(3)] has understood and executed the Declaration of Compliance, attached hereto as Exhibit "A." Declarations of Compliance shall be maintained by the party who obtained them for a period of three years and shall be made available upon request or in the event of a dispute pertaining to the disclosure of Designated Material.

F. <u>Designating Documents</u>. When a party producing documents wishes to designate all or some portion of said documents as "CONFIDENTIAL," such designation shall be made by placing the word "CONFIDENTIAL" on each page of the document prior to production. In the case of multiple-page documents, the Designating Party may designate documents in bulk as confidential by stamping the first page of a stapled set or group of documents with the word "CONFIDENTIAL" or by affixing a separate page or pages to a stapled set or group of documents (which shall be numbered) identifying the number of each document intended to be designated as confidential.

G. <u>Return of Materials</u>. All Designated Material, including any copies provided to qualified persons [other than those identified in paragraph 2A(3)] shall be returned to the Designating Parties, upon their request, within thirty (30) days of the conclusion of this litigation, including the conclusion of any appeals. Any Designated Material may be retained by a party only if given the Designating Party's express written permission. Any work product derived from Designated Material shall be maintained by a party in a confidential manner consistent with the terms of this protective order or destroyed. Each party

shall maintain its Designated Material for a period of three years after the conclusion of the action, including any appeals.

3. <u>Designating Depositions</u>.

A. Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" before or during the deposition, in which case the transcript of the designated testimony and exhibits marked "CONFIDENTIAL" shall be bound in a separate volume and marked with the word "CONFIDENTIAL" by the reporter, as the party seeking to designate the material as confidential may direct. The parties agree that the disclosure of Designated Material, testimony and/or exhibits concerning Designated Material to court reporters, videographers and/or their staff shall not change the confidential status of Designated Material and shall not be deemed a waiver of privileges asserted as to the Designated Material.

B. Where testimony is designated at a deposition, the parties hereto may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Protective Order.

C. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under paragraph 2 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

D. Notwithstanding all of the foregoing, to eliminate the need for marking Designated Material in a deposition, the parties shall strive to reach agreement to refer to such documents by control or Bates-stamp number, and agree that to the

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1  extent a witness might authenticate a document at a deposition, with the document
2  attached, he or she can do so similarly if the document is not attached, but is
3  sufficiently described by control or Bates-stamp number.

### 4. Court Procedures.

A. The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court, except in compliance with any Court orders regarding the Designated Material.

B. Any Designating Party who wishes to keep Designated Material confidential at the time of trial may otherwise [or a compelling need, as appropriate] show cause in advance of trial to proceed in a manner that preserves the confidentiality of the Designated Material. The parties agree that the procedures for protecting the confidentiality of Designated Material at the time of trial will be done in accordance with the Court's instructions, and that the parties will cooperate in complying with such instructions.

C. If a Party wishes to file with the Court in this matter any Designated Material, that Party shall provide 30 days' advance notice to the Designating Party and shall seek to file such Protected Information under seal pursuant to Local Rule 79-5, including filing the necessary motion and any other papers required by Local Rule 79-5 to seek to have the document sealed.

### 5. Additional Relief.

A.  Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. Nothing in this Protective Order shall prejudice any

1  motion to modify this Protective Order or to challenge the opposing party's
2  designation of a document as confidential. *the parties agree that they will not seek the admission*
3      B.  Unless all parties stipulate otherwise, ^evidence of the existence or
4  nonexistence of a designation under this Protective Order ~~shall not be admissible~~ for
5  any purpose during any proceeding on the merits of this action.

6.  **Enforceability of Stipulation as Binding Contract Between the Parties.** The parties agree that even if the Court does not sign and enter the Proposed Order hereto that the parties will be bound by all of the terms and conditions of this Stipulation as a separate and enforceable contract between the parties.

7.  **Modification and Survival.** The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Protective Order shall survive termination of this action. *To the extent any modification or termination is by a written stipulation which has not been adopted by the Court, it does not ~~constitute~~ constitute and will not be enforceable as a Court Order.*

8.  **No Waiver of Objections.** Nothing in this Protective Order shall be deemed a waiver of any objections any party may have to the admissibility of Designated Material or information or material derived therefrom. All applicable objections are hereby expressly reserved.

9.  For the purpose of the instant stipulation, and the execution of Exhibit "A" facsimile signature and the execution in counterparts, are acceptable.

Dated: November 4, 2009              BARGER & WOLEN LLP


                                     By: /s/ Misty A. Murray
                                         GAIL E. COHEN
                                         MISTY A. MURRAY
                                         Attorneys for Defendant Primerica
                                         Life Insurance Company

| | | |
|---|---|---|
| 1 | Dated: November 4, 2009 | DONAHUE & HORROW LLP |
| 2 | | |
| 3 | | By: /s/ Michael B. Horrow |
| 4 | | MICHAEL B. HORROW<br>Attorneys for Plaintiff Shedonna-Merritt-May |

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER AND ORDERS PURSUANT THERETO

I, _____, of _____, in order to be provided access to the Designated Material, which is the subject of the Protective Order in a lawsuit entitled "*Shedonna Merritt-May v. Primerica Life Ins. Co.*," Case no. CV09-02069 ODW (JCx), pending in the District Court for the Central District of the State of California, (the "Action") represent and agree as follows:

1. I have been provided with a copy of the Modified Stipulated Protective Order and Order on the Parties' Modified Stipulated Protective Order (collectively "Protective Order") and have reviewed and am familiar with its terms.

2. With regard to the Designated Material to which I am given access in connection with the Action, I agree to be bound by the provisions of the Protective Order as of this date. I specifically agree that I will promptly return all copies of the Designated Material to the person from whom I received them upon request by that person.

3. I consent to the exercise of jurisdiction over me by the court with respect to the Order.

Signed: _____
Name: _____
Dated: _____